**NORTHERN TRADING CO.**

v.

**SONGO OF MAINE, INC.**

Supreme Judicial Court of Maine.

Argued April 25, 1994.

Decided Aug. 3, 1994.

Peter Bennett (orally), Herbert H. Bennett and Associates, P.A., Portland, for plaintiff.

Graydon G. Stevens (orally), Kelly, Remmel & Zimmerman, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Songo of Maine, Inc. appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) on a jury verdict awarding damages to Northern Trading Co. on its breach of contract claim against Songo. Songo contends that the trial court erred in denying its motion for a judgment as a matter of law and that the amount of damages awarded by the jury must be reduced. We affirm the judgment.

At the trial, the jury heard evidence that in 1980 Songo and Northern Trading entered into an oral contract providing that Songo would purchase certain fragrance products packaged by Northern Trading under a product line known as "Jade East." It was further agreed that Songo would provide Northern Trading with projections of its anticipated purchase of the packaged products and Northern Trading would then acquire materials pursuant to those estimates with Songo paying for any materials not ultimately used. Production of Jade East products continued pursuant to the contract until 1989, when Songo sold its rights to the Jade East product line to Regency Cosmetics located in Georgia. The president of Northern Trading received an assurance from the president of Songo that Songo would pay for any Jade East materials that Regency Cosmetics did not purchase in connection with its acquisition of the rights to Jade East.

Regency purchased approximately $55,000 in Jade East materials, but ultimately turned to other suppliers because it did not find Northern Trading's prices to be competitive. Northern Trading sought payment from Songo for certain Jade East materials in its warehouse that it was unable to sell. Following Songo's refusal to pay, Northern Trading instituted the present complaint.

At the close of the evidence at the trial, the court denied Songo's motion for a judgment as a matter of law pursuant to M.R.Civ.P. 50. The jury found that Songo had breached its contract with Northern Trading and awarded Northern Trading damages in the amount of $118,928.17. Following the entry of judgment, and pursuant to Rule 50(b), Songo renewed its motion for a judgment as a matter of law, also seeking, in the alternative, a new trial. After a hearing, the court denied Songo's motion and Songo appeals.

Although Songo concedes that it breached the contract with Northern Trading, it contends that Northern Trading was not entitled to recover damages because it failed to mitigate the damages it allegedly suffered in consequence of Songo's breach. We disagree.

■ When reviewing a trial court's denial of a motion for a judgment as a matter of law, we review for clear error to determine whether by any reasonable view of the evidence, including the inferences to be drawn therefrom, taken in the light most favorable to the non-moving party, the verdict can be sustained. *Severance Machine v. Wood Structures, Inc.,* 635 A.2d 362, 364 (Me.1993).

■ In a breach of contract action, a claimed failure by a plaintiff to use reasonable effort to mitigate its damages is an affirmative defense and the defendant bears the burden to establish such failure. *Marchesseault v. Jackson,* 611 A.2d 95, 99 (Me. 1992). Songo contends that the jury was compelled to find it had met this burden by the testimony of Northern Trading that it was unwilling to sell certain materials in its warehouse to Regency at cost or at reduced prices. However, the jury also heard evidence that Regency lost interest in purchasing Jade East inventory because it decided to make changes in the product; that Northern Trading conducted mitigation sales of some of the unused Jade East materials; and that sales to other buyers of the remaining material were impossible because the materials in Northern Trading's warehouse bore the Jade East trademark. Viewing this evidence in the light most favorable to Northern Trading, the trial court properly could determine the jury verdict should be sustained.

■ As to Songo's further contention that the court erred in its instruction to the jury concerning the inclusion of profit in a damage award, we note that Songo failed to object to the instruction at the time of the trial. *See* M.R.Civ.P. 51(b) ("No party may assign as error the giving ... [of] an instruction unless the party objects thereto before the jury retires to consider its verdict...."). We have carefully reviewed this record and conclude that the challenged instruction did not violate Songo's substantial right to a fair trial. *See LaLiberte v. Mead,* 628 A.2d 1050, 1051 (Me.1993) (absent timely objection at trial, our review of a challenged instruction limited to whether substantial rights violated). Section 2–709 of the Uniform Commercial Code provides that when a buyer fails to pay the price as it comes due, the seller may recover the price "[o]f goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable

price or the circumstances reasonably indicate that such effort will be unavailing." 11 M.R.S.A. § 2–709(1)(b) (1964). *See also Dehahn v. Innes,* 356 A.2d 711, 721–22 (Me. 1976) (noting that the various seller's remedies set forth in the Uniform Commercial Code, including the recovery of the contract price, are cumulative). The goods at issue were clearly identified to the contract, so the law permitted Northern Trading to recover the contract price. The trial court instructed the jury that in the event of a breach, Northern Trading was entitled to recover lost profits if the jury found the profits were included in the contract price and that Northern Trading was entitled to "the unpaid balance of the contract price for the goods manufactured and delivered." These instructions do not constitute obvious error.

Songo finally contends that the amount of damages awarded by the jury to Northern Trading must be reduced because Northern Trading was not entitled to recover alleged profits or mark-up on the merchandise at issue as a part of its damage claim. Songo argues that the evidence, including the course of dealing between the parties, does not support the jury's determination that the contract price for the unused materials included a profit for Northern Trading. The record reflects there was conflicting evidence as to whether the parties' oral contract included such a profit. The president of Northern Trading testified that the contract price for the unused materials included such a "mark-up." As we have previously noted, "[i]f, on the basis of credible evidence in the record, reasonable minds could reach different conclusions in regard to a dispositive factual question, the court may not set aside the conclusion reflected in the jury's verdict." *C.N. Brown Co. v. Gillen,* 569 A.2d 1206, 1210 (Me.1990). Accordingly, we find no error in the trial court's denial of Songo's motion.

The entry is:

Judgment affirmed.

All concurring.